UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION


IN RE:

CHARLIE D. COLEMIRE, SR.

DEBTOR                                                        CASE NO. 07-20369

### MEMORANDUM OPINION AND ORDER

This matter is before the court on various motions and responsive pleadings involving the Debtor's real estate, which is (or was) encumbered by a first and second mortgage held by creditor U.S. Bank, N.A. ("U.S. Bank").  U.S. Bank filed its Motion by Secured Creditor for Order Terminating Stay Providing for Abandonment of Property ("the Relief Motion"), and the Debtor filed his Objection to Motion for Stay Relief ("the Stay Relief Objection") in response.  U.S. Bank also filed its Reply to Debtor's Objection to Motion for Stay Relief of US Bank ("the Reply") and its Objection to Confirmation of Debtor's Chapter 13 Plan ("the Objection to Confirmation"). These matters were heard on July 10, 2007 and taken under consideration for decision.

The Debtor also filed his Objection to Proof of Claim No. 6 of U.S. Bank ("the Claim Objection"), and U.S. Bank filed a Response to Debtor's Objection ("the Response to Claim Objection"). While the Claim Objection and the Response to Claim Objection were not heard or taken under consideration on July 10, 2007, the issues they raise are resolved by the decision reached herein.  For the reasons set out below, the court will overrule U.S. Bank's Relief Motion and its Objection to Confirmation.

In January 1994 the Debtor and his wife executed a note and

1

mortgage in favor of Farmers Liberty Bank, predecessor to U.S. Bank, in the original principal amount of $41,500.00, encumbering the Debtor's real property in Augusta, Kentucky ("the first mortgage"). The first mortgage was recorded in the Bracken County Clerk's Office. In February 1999 the Debtor and his wife executed a note and mortgage to Star Bank, N.A., also predecessor to U.S. Bank, in the original amount of $23,573.43, encumbering the same real property in Augusta, Kentucky ("the second mortgage").  A release of the first mortgage was recorded in April 1999.

The Debtor filed his Chapter 13 petition and proposed plan in this court on March 19, 2007.  His petition lists U.S. Bank's secured claim in the amount of $24,325.00, and makes reference to U.S. Bank's first and second mortgages.  His proposed Chapter 13 plan includes the following special provision:

> The first mortgage to U.S. Bank on the debtor's residence at 4863 Augusta Berlin Road, Augusta, KY 41002, has been released of record by USBank in the Bracken Co. Clerk's records.  Confirmation of this Plan shall constitute a determination that said release is final and binding upon U.S. Bank, and that U.S. Bank has no lien or security interest in said real estate which would secure said first mortgage note.

Chapter 13 Plan, p. 5.  On April 13, 2007 U.S. Bank filed its Objection to Confirmation.  Therein it set out its claim that it holds both a first mortgage and a second mortgage on the debtor's property. It characterizes the second mortgage as an "Open End Mortgage," and contends that the second mortgage "secured all past, present and future indebtedness owed by the Debtors to the secured creditor. . ." U.S. Bank further states that as of the date of filing of the Debtor's Chapter 13 petition, the first mortgage principal balance was

$17,971.45 and the second mortgage principal balance was $6,103.86, for a total principal balance of $24,075.31, all of which, it maintains, is secured by the second mortgage.

The second mortgage under consideration is titled "Kentucky Open-End Mortgage" and provides in pertinent part as follows:

> . . . The Mortgagor conveys the Property to the Mortgagee with the covenant of general warranty, except that this mortgage is granted subject to a prior mortgage(s) granted to FARMERS LIBERTY BANK on 01/15/94, securing indebtedness in the principal amount of $41500.00.
> This Mortgage is given to secure payment of the Principal Indebtedness with interest until paid, as provided in the loan agreement (the "Agreement") dated 2-22-99, the terms and conditions of which are incorporated by reference herein.  This mortgage also secures any extensions or renewals of, or substitutions for said Agreement. . . . .
> This Mortgage shall secure advances which Mortgagee may make from time-to-time under the Agreement.

While this second mortgage acknowledges that it is granted subject to the first mortgage, there is no provision which establishes, or even suggests, that the second mortgage secures another, **separate** obligation under the prior mortgage.  The fact that the second mortgage is subject to the first speaks to the order and priority of liens.  Further, the court has reviewed the Agreement referred to in the second mortgage, and there is nothing in this document which suggests that it is anything but a free-standing agreement to borrow a sum certain.  It does not implicate the Debtor's obligation under the first mortgage.

The terms of the second mortgage and the Agreement notwithstanding, U.S. Bank further characterizes the second mortgage in its Reply as "an unreleased Open-End first mortgage against the debtor's residential real estate."  U.S. Bank cites no language in any document filed in this case to support this contention.  The Debtor

3

suggests that U.S. Bank's position is that it has a so-called equitable mortgage; U.S. Bank, however, does not offer such an argument.

Under Kentucky law, a release of a mortgage of record "shall have the effect to reinstate the title in the mortgagor or grantor or person entitled thereto." K.R.S. § 382.360(1). The Kentucky Supreme Court has held that "a mortgagee who mistakenly releases a mortgage is entitled to have that mortgage reinstated with its old priority rights so long as the later claimants did not rely to their detriment on the release in acquiring their new rights." *Citizens State Bank v. United States*, 932 F.2d 490, 494 (6th Cir. 1991) (citing *Louisville Joint Stock Land Bank v. Bank of Pembroke*, 9 S.W.2d 113, 115 (Ky. 1928); *Farmers & Drovers' Ins. Co. v. German Ins. Co.*, 79 Ky. 598, 602 (1881)). There are no competing claimants here, however, and the Sixth Circuit has held that a mistaken release of a mortgage under KRS Section 382.260(1) "dissolved any remaining interest [the mortgagee] had in the property." *Id.* at 494.  For this reason, even though a Chapter 13 debtor may avail himself of the strong arm powers granted by Bankruptcy Code section 544(a), there is no need for the Debtor here to avoid U.S. Bank's first mortgage lien, but may treat U.S. Bank as an unsecured creditor as regards the first mortgage.

It is so ordered.


Copies to:

Steven L. Schiller, Esq.
Septtimous Taylor, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*William S. Howard*
**Bankruptcy Judge**
**Dated: Monday, August 27, 2007**
**(wsh)**